UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN R. DALEY,

               Petitioner,

                                         Civil Action No.  04-12502-WGY

       v.

MASSACHUSETTS PAROLE BOARD,

               Respondent.

MEMORANDUM AND ORDER

YOUNG, C.J.

      For the reasons set forth in this Memorandum and Order, the Petitioner John R. Daley (a/k/a John T. George) shall pay the $5.00 filing fee for habeas petitions within forty-two (42) days of the date of this Order,  failing which, this action shall be dismissed.   Additionally, although Petitioner styles his pleading as an "Amended Petition" for habeas relief, this action is deemed to be the only habeas petition pending in this Court.  Whether, however, this action is properly raised as a §2254 habeas petition or a §2241 habeas petition is uncertain, in view of the ambiguous claims presented by the Petitioner.  Daley shall have forty-two (42) days to file an Amended Habeas Petition, clearly indicating the grounds upon which he basis his petition; namely, whether his challenge is to the denial of parole on retaliation grounds, or whether his challenge is to his underlying conviction, or whether his challenge is based on a combination of grounds.

FACTS

      On November 15, 2004, Petitioner John Daley[1], a prisoner at MCI Cedar Junction, filed a a

---

[1] At times, Petitioner has also signed filings as "John T. George-John T. Daley) .

Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, claiming that he was wrongfully denied parole, and that the Parole Board's decision to deny his parole was in retaliation for asserting his constitutional rights in various civil actions filed in federal and state courts. Daley appealed his decision and a Final Decision of the Parole Board denying his appeal was rendered on February 14, 2002.[2] In support of his petition, Daley filed a "Supplimental [sic] Brief Memorandum" re: "coran [sic] nobis." That brief is not entirely lucid, but appears to contain challenges to his underlying conviction and the acceptance of a guilty plea to charges of possession of a firearm in connection with a drug transaction.

Daley currently has three civil rights actions pending in this District, before Judge Robert E. Keeton[3]. In civil action 02-10858-REK, Plaintff alleged he is a Rastafarian and is a non-dairy vegetarian. He complained that the meals he received at MCI Cedar Junction were not heated and were too small. In civil action 02-11274-REK, Plaintiff claimed he was transferred to Cedar Junction in retaliation for filing various civil suits and that prison guards failed to protect him from assault. In civil action 02-11896-REK, Plaintiff claimed that a correctional officer retaliated against him for filing civil rights actions, although no details were provided. Additionally, in connection with those civil actions, Daley previously submitted materials from a state court action and other documents purporting to be a habeas petition. Daley was advised that this Court would not accept those materials as a habeas petition, and he was directed to inform the Court whether he wished to file a separate action

---

[2]A prior decision of December 31, 2002 denying parole listed the reasons for denial as "Higher security, poor adjustment, 41 D-reports."

[3]This habeas action was randomly assigned pursuant to Local Rule 40.1 and was not assigned to Judge Keeton directly, even though the issues in this habeas action have a close relation to the civil rights actions.

seeking a writ of habeas corpus.  On August 23, 2004, Daley challenged this directive with the First

Circuit Court of Appeals. The Court of Appeals construed the filing as a petition for writ of mandamus

with respect to Civil Action 02-11896-REK, and on October 22, 2004 judgment issued denying

Daley's petition for mandamus, holding that Daley  may not remove or transfer actions from either the

federal district court or a state court to the First Circuit Court of Appeals.  The Court of Appeals

further found that the petitioner had three civil rights actions pending in the district court (02-10858, 02-

11274, 02-11896),  but no habeas petition appeared to be pending, and further found that Daley failed

to comply with the District Court's May 20, 2003 order instructing him on what to do if he wished to

file a habeas petition, explaining, among other things, that Daley may not request damages in the context

of a habeas petition. The First Circuit declined to direct this Court to docket a habeas petition.

Daley did not pay the $5.00 filing fee for habeas petitions, nor did he file an Application to

Proceed *in forma pauperis*.

<u>ANALYSIS</u>

I.     <u>Daley shall file, within forty-two (42) days, an Amended Petition stating the specific grounds for
habeas relief, in compliance with Rule 2 of the Rules Governing §2254 cases.</u>

Under Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts,

which may be applied to other habeas petitions at the Court's discretion, a habeas petition must specify

all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting

each ground of relief.  See Rule 1(b) of the Rules Governing Section 2254 cases.  The petition must

also state the relief requested and be signed under the pains and penalties of perjury.  Rule 2(c).

Although this Court does not require by local rule that §2254 habeas petitioners use any particular form

for the petition, a habeas petition still must substantially comply with the requirements for form outlined in Rule 2, so that the Court may determine if there is any basis for habeas relief.  See, e.g., Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998).   Here, Daley's filings do not state with any clarity the precise grounds upon which he seeks relief.  Daley does premise his petition with respect to parole denial on retaliation grounds, however, his supporting documents appear to contain underlying challenges to his state court conviction.  The distinction is relevant to determine whether his habeas petition is properly categorized as a §2254 petition (subject to the limitations expressed in that provision), or whether the petition is a §2241 petition (not otherwise subject to the same limitations).

While Daley has filed this action as a §2254 petition, the action could be considered a petition under §2241 with respect to the parole denial claims (as opposed to claims challenging his conviction), since he is not challenging the underlying state court conviction and sentence, but rather the manner of execution of the sentence. A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution. Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) accord, United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000)(§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001).  Courts have disagreed on whether a challenge to a parole eligibility determination is more properly brought as a §2254 petition or a §2241 petition, or may be deemed to be both a §2254 and §2241.  See, e.g., Bonilla v. Vaughn, 1998 WL 480833, *5 (E.D. Pa 1998)(rejecting petitioner's argument that petitions attacking parole board decisions are properly raised under §2241 and therefore exhaustion requirement did not apply; court held that §2254 and not §2241 applies to state prisoners

**Page 4**

contesting parole board decisions); Lott v. Dalsheim, 474 F. Supp. 897 (S.D.N.Y. 1979)(Lasker,

J.)((petitioner's challenge to parole denial alleging retaliation for his legal activities was raised in §2254

context; court addressed exhaustion requirement); cf., Thomas v. Crosby, 371 F.3d 782, 783 (11th

Cir. 2004)(petitioner challenging parole commission proceedings is governed by both §2241 and

§2254). The First Circuit, in addressing a parole eligibility challenge in the §2255 context, has held that

§2241 is the proper vehicle for such challenges. See Thompson v. United States, 536 F.2d 459, 460

(1st Cir. 1976) (proper vehicle for attacking the execution of sentence, including the application of the

Parole Board's Guidelines, is § 2241, and not §2255); accord United States v. Barrett, 178 F.3d at 50

n. 10 (petitions pursuant to § 2241 generally attack the execution of a sentence); White v. Gittens, 121

F.3d 803, 806 (1st Cir. 1997) (dismissing civil rights challenge to state parole revocation; plaintiff was

required to file a habeas action), See also, United States v. McBride, 560 F.2d 7 (1st Cir. 1977)

(challenge to parole policies under new guidelines not viable as a §2255 motion); United States v.

DiRusso, 535 F.2d 673 (1st Cir. 1976); cf., Wolfe v. Pennsylvania Dep't of Corrections, 334 F. Supp.

2d 762, 777 (E.D. Pa. 2004)(prospective invalidation of sex offender policies was properly raised as a

§1983 action and not as a habeas petition). Generally, such parole challenges must be brought as a

habeas petition rather than a §1983 civil rights action, because a favorable determination granting

petitioner damages would call into question the validity and duration of a prisoner's confinement.

The precise grounds forming Daley's habeas petition is germane in categorizing his filings as a

§2241 or a §2254 petition, to the extent that there may be an exhaustion issue, and to the extent that

time requirements for raising a §2254 attack might be implicated under 28 U.S.C. §2263(a). That

provision requires a §2254 petition to be filed within 180 days after the final State court affirmance of

the conviction and sentence on direct review or the expiration of the time for seeking such review, unless the tolling provisions and exceptions enumerated in §2254 apply. 28 U.S.C. §2263.  It appears Daley's habeas petition has been filed more than 180 days since his conviction became final and also since the final denial of his appeal on the parole eligibility in February 2004.  Additionally, the characterization of habeas relief is relevant in the event Daley attempts to raise a §2254 petition in the future, such a petition might be deemed "second or successive" requiring authorization by the Court of Appeals to file.  28 U.S.C. §2244(b).   Because the nature of Daley's habeas relief is unclear (parole denial challenge or challenge to his underlying conviction), I shall defer on categorizing this petition to allow Daley to file an Amended Petition addressing these issues.


II.    Daley must pay the $5.00 filing fee for habeas petitions within forty-two (42) days of this
        Memorandum and Order, or this action will be dismissed.

Along with his habeas petition, Daley submitted copies of  a Purchase Slip from MCI Walpole suggesting Daley withdrew $5.00 from his prison account in order to pay the filing fee for this action. However, the Court has not received the $5.00 payment.  Since Daley had previously filed for *in forma pauperis* status in connection with his three civil actions, and Judge Keeton has assessed a partial filing fee in connection with those actions, it is presumed Daley has elected not to seek a waiver of the filing fee in this action pursuant to 28 U.S.C. §1915.  Moreover, in the exhibits attached to his petition, Daley's current prison balance reflects $64.45 in personal and $73.84 in savings, and therefore I find Daley has sufficient funds to pay the $5.00 filing fee and would not qualify for a waiver even if he did submit an application.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED:

1.      Petitioner Daley shall pay the $5.00 filing fee within forty-two (42) days of the date of
        this Order.  Failure to pay the filing fee as directed will result in a dismissal of  this
        action.

2.      Within forty-two (42) days of the date of this Memorandum and Order, Daley shall file
        an Amended Habeas Petition, in accordance with the directions contained herein,
        clearly stating the basis for his request for habeas relief, and addressing whether this
        action should be converted into a habeas petition pursuant to 28 U.S.C. §2241.  The
        clerk is directed to provide Daley with a blank §2254 form as a guide.

3.      This habeas petition is deemed to be a "first" habeas petition filed in the District Court,
        and not an "Amended Petition" as Daley has labeled his filing.


<u>December 3, 2004</u>            <u>/s/ William G. Young</u>
DATE                        WILLIAM G. YOUNG
                            CHIEF, UNITED STATES DISTRICT JUDGE

**Page 7**