04-12502

# United States Court of Appeals
## For the First Circuit

---

No. 05-1632

JOHN R. DALEY,

Petitioner, Appellant,

v.

MASSACHUSETTS PAROLE BOARD,

Respondent, Appellee.

---

Before

Torruella, Selya and Lipez,
<u>Circuit Judges</u>.

---

JUDGMENT

Entered: January 11, 2006

    Petitioner-appellant John Daley appeals from the district court's dismissal of his habeas corpus petition based on his failure to comply with an order that he file an amended petition clarifying the grounds for the relief he claims.

    Petitioner has submitted to this court a copy of an 'Amended Habeas Corpus Petition' (attached hereto) that he alleges to have sent to the district court through a prison mail system in a timely manner as per the district court's order. It is dated December 20, 2005 and signed December 22, 2005. The record before us indicates that this pleading was never received or docketed in the district court, and that petitioner did not include it as an attachment to his motion for reconsideration below, which was denied. The petitioner is emphatic, however, that he delivered this pleading to the prison mail system in a timely fashion in accordance with the district court's order.

    Although this pleading was not docketed, or, apparently, even

received by the district court, we think there is at least a possibility that it would be 'deemed filed' under the prisoner mailbox rule. See <u>Huizar v. Carey</u>, 273 F.3d 1220 (9th Cir. 2001).

Under the circumstances, we think it prudent to be sure that the district court is given the opportunity in the first instance to inspect this pleading in light of petitioner's insistence that it was timely delivered to the prison mail system, and to consider what significance, if any, it has to the question of whether petitioner should be allowed to proceed with his claim. For this reason we <u>vacate</u> the judgment of dismissal and <u>remand</u>.

We do not retain jurisdiction. Consequently, if petitioner wishes further appellate review after the district court acts, a new notice of appeal will be required.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
   Chief Deputy Clerk.

[certified copies to: Hon. William G. Young and Sarah A. Thornton, Clerk of Court]
[cc: John R. Daley and Tom Reilly, Esq.]

EXHIBIT: B

TO: THE, UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MASSACHUSETTS
    ONE COURTHOUSE WAY, SUITE 2300
    BOSTON MA.02210

COURTS CLERK: TONY ANASTAS AND "JUDGES CHAMBERS" (WGY)


TO: THE, SOLICITOR GENERAL OF THE UNITED STATES,
    ROOM 5614, DEPARTMENT OF JUSTICE,
    950 PENNSYLVANIA AVE; N.W. WASHINGTON DC.20530-0001


TO: THE, STATE ATTORNEY GENERAL,
    THOMAS F. REILLY
    ONE ASHBURTON, BOSTON MA.02219 And THE, COUNSEL FOR
    THE STATE ATTORNEY GENERAL OF MASSACHUSETTS


FROM: JOHN T. GEORGE;JOHN R. DALEY,Jr.-W59561
      JOHN T. GEORGE IS PETITIONERS BIRTH NAME AND JOHN R. DALEY
      Jr. IS PETITIONERS ADOPTED NAME (BRITISH VIRGIN ISLANDS
      DESCENT AND U.S. VIRGIN ISLAND BORN (ST.THOMAS).

      PRO SE
      MCI CEDAR JUNCTION WALPOLE
      P.O.BOX 100
      SOUTH,WALPOLE MA.02071



RE: THE, AMENDMENT OF (HABEAS PETITION/ STATE PAROLE BOARD --
    DECISION).

    CIVIL ACTION NO.04-12502-WGY; Fed.R.Civil.Proc.Rule.15.,
    28 U.S.C.A.; U.S. DIST. Ct.RULE.; (14 §§ 1,5) "GARUNTEED
    DUE PROCESS".



DATE: 12/20/04


                                              [Number of Pages: 14 ]

                                              [Number of Exhibits: 26]

[ 1 ]

Now Here Comes petitioner, John T.George-John R.Daley,Jr.- W59561.[I]n regards to, Civil Action No.04-12502-WGY ;

John T.George;John R.Daley,Jr.-v-Massachusetts Parole Board. [P]etitioner motions for the Amendment of Habeas Petition pursuant to, Fed.R.Civ.Proc.Rule.15., 28 U.S.C.A.; U.S. Dist.Ct.Rule. - (14 §§ 1,5) "Garunteed Due Process". Enclosed also is thee, Inmate Disbursement Receipt in regards to the filing fee of, $5.00 Receipt#3758448; the exact date:2004 1202 14:37:10 which should have been mailed to,the United States District Court,of Massachusetts, Courts Clerk and Forwarded to the Financial Sectio -n.

[P]etitioner now proceed with the Amended Habeas Petition, "The Ground" upon which the basis of (my/his) petition is [A] "Combination of Grounds", See: Page(1) of Memorandum And Order Dated: 12/3/04.

[T]he First Grounds are,"Excelarated Release", Due Process also Liberty Interest.,******* [I]n A (commonwealth/state) like Massachusetts inwhich does not enforce,"Liberty Interest" of (petitioner/prisoner) by enacting state legislature statutes, to make parole Discretionary, under thee,"Anti-Injunction", which state legislature holds. [I]t is completely overriden pursuant to 18 U.S.C. §§ 241,242("Oppression"), 28 U.S.C. §§ 1331,2283,2284., 42 U.S.C. § 2000 bb-2(1) (RFRA); U.S.C.A. Const.Amend.14. ----

- (14 §§ 1,5); Article.I. and Article.V., "[C]ongressional [E]nactment", Federal Courts is permitted with power,"Exceptions" [P]ursuant to, 28 U.S.C. §§ 1331,2241(a)(c)(3)(d) In regards to page(7) conclusion by Chief,United States District Judge,(WGY). Because of the Parole Board of Massachusetts,"Administration"- (et.al.) Respondents not reviewing to see if petitioner actually had any,"Religious Freedom" (acceptance/practice/dietary laws to adhear to), pursuant to, U.S.C.A. Const.Amend.1.; -- U.S.C.A. Const.Amends.1,5,8,14th., 42 U.S.C. § 2000 bb-2(1)(RFRA) Applies to all Federal and State Law,Stautory or Otherwise; -- 28 U.S.C. §§ 1331,2241(a)(c)(3)(d).******* [B]ecause of The Violation of the,(commonwealth/state) Department of Corrections, Officials and the, massachusetts parole board members(et.al.). Petitioners,Constitutional Rights and Stautory Rights, [A] "Mandamus", Is Mandated , pursuant to, 28 U.S.C. §§ 1331,1361,- 1651(a),2241(a)(c)(3)(d).[T]he U.S. District Court Have Jurisdict -ion.

[T]he, "Establishment Clause" of petitioner inwhich is, Rastafarianism, U.S.C.A. Const.Amends.1,5,8,14th. (I/he) petit- ioner is an Avowed Rastafarian and has been for the past 24 years in both, Federal and State Incarcerations,"even before petitoner was ever incarcerated.,(I/He) practiced the Rastafarian Faith, 28 U.S.C. § 2241(a)(c)(3)(d). [T]he petitioner "Does" have A "Due Process", "Substansive Due Process And "Liberty Interrest."

Art.1 § 8 cl.17(Excelarated Release); U.S.C.A. Const.Art.1 § 9,cl -.3, Amend.5.; M.G.L.A. Const.Pt.1, Art.24; --
42 U.S.C.A. § 2000 bb-2(1) (RFRA) Applies to all Federal and State Law, Statutory or Otherwise.

[T]he Second Ground, consist of the respondents(et.al.) "Administration" were in violation of, Administrative Law And Procedure Law:#413; #413, U.S.C.A. U.S. District Court Shall Review any Administration,Entities pursuant to, 5 U.S.C. §§ 551,-552,701-706 (5 U.S.C.A.) "Generally". [B]oard [M]embers failed to comply with statutory law pursuant to, 28 U.S.C. § 1367(a), Guidelines Mandated by law. [P]arole Expectation of Petitioner on the charges (I/he) was convicted on, inwhich even if the convictio-n is [A] state conviction because of the sentence structure and where the sentence "Derived" from, Heightened parole eligibility, The Charges of: Statute;94C 32A(8 To 10 years); --
Poss.With.Intent. To. Distribute Class B.(M.G.L.c.), (M.G.L.A.c.) 21 U.S.C. § 841; 28 CFR § 550.58(Possecesion With Intent To Distr.-ibute), 21 U.S.C. § 841(b) "Special parole"(500 Grams) or Less (provision), "Mandatory Parole".
Statute:269 10(3 To 4 Years and 4 To 5 years); Possession of A Dangerous Weapon,Concurrent Sentence (M.G.L.c.);(M.G.L.A.c.), 18 U.S.C. §§ 922, 924(c)(1) ("Active Emplyment") Still Not A Crime of Violence, U.S.S.G. §§ 4B1.2 and 5K2.13 In accordance to,Drugs And Narcotics Law And The "Severity" In the offences were minimal according to the police report.

[ 4 ]

Staute: 265  15A(3 to 4-Years); Assault And Battery of A, Dangerous Weapon (M.G.L.c.);(M.G.L.A.c.),Fed.R.Evid.Rules, The Government has to prove each element of crime, said charges was never rally proven. *******[T]here is A "Habeas Corpus  Petition" In the United States District Court, Dated:10/25/04 along with [A] Supplemental Brief in Support.

Stute:94C  32(3 To 4-Years); Class A substance and  Class D - offense (M.G.L.c.);(M.G.L.A.c.), Still Classified As [A] narcotic drug also. [T]he petitoners  charges in (my/his) convictions, were not properly reviewed by thee,(et.al.) Respondents The Massa -chusetts Parole Board Administration Is Subjuect to Review by the U.S. District Court of Massachusetts  pursuant to,-- 28 U.S.C. § 2241(a)(c)(3)(d); U.S.C.A. Const.Amend.14. "Due Process of law", In The United State Constitution of America., Federal Statutory Law.

   [T]he  Third Grounds,  consist of the respondents(et.al.), "Administration" Failure to Review,petitioners (From And After) Sentence to be Served,[A] Federal From And After Sentence,which should have been granted pursuant to, 28 CFR § 2.20(1999) -- Parole  Commission.(Special Parole), 28 U.S.C. § 2241 (Habeas Corpus) There is no,"Potential Risk" of petitoners violating parole if petitioner were to be paroled to (my/his) Federal Sente- nce in accordance with,M.G.L.c., 127 § 133 A; M.G.L.A.c., 127 §- 133 A; U.S.C.A. Const.Amend.14. [I]n accordance with M.G.L.c. - 279, §§ 24, 31 which provided, there is No Stautory Limits On Parol Eligibility.

[ 5 ]

The petitoners completion of thee,NA/AA Program, and thee Dreftin Course at MCI, Norfolk In Accordance with,M.G.L.c.,127 §- 129 D.The Federal Sentence pursuant to, U.S.C.A. Const.Amends,5,6 18 U.S.C.A. § 4208(a) For the violation of (parole) supervise release inmate shall be released to (my/his) Federal Sentence, 18 U.S.C. § 4164 "Mandatory Release", also the, 1988 Policy of M.G.L.c.; M.G.L.A.c. and 127 § 133 M.G.L.c; M.G.L.A.c. 129 § 90 A, "Early Parole". M.G.L.c., M.G.L.A.c., 127 §§ 129 C,D. -- M.G.L.A.c., 279 § 8 A.; M.G.L.c. 279, §§ 24, 31., 103 CMR 411.01 and The united States Attorneys Manuel § 2-2.110, 28 CFR § 0.20-(b). Are incorparated pursuant to, 28 U.S.C. § 1367(a); -- M.G.L.A.c.; U.S.C.A. Const.Amend.14.(14 §§ 1,5). Garunteed Due process inwhich the massachusetts parole board never reviewed,in violation of their Administrative Stautory laws, ( 5 U.S.C.A.) "Generally".

[T]he Fourth Grounds, consist of the respondent(et.al.) not reviewing the reasons for thee, 41 D-Reports" which was impli-mented from the time of petitioners re-entry into maximum securi-ty [A] level four Security, Statement of Reasons For Denying Parole pursuant to,28 CFR §§ 2.13, 2.14:A. [T]he Disciplinary Sanctions Implemented was because of said petitioners civil right-s actions against the (DOC) Deapartment of Correction Administ-ration which (are/were) at that time,(Daley-v-Hall et.al.) -- Docket No.99-1227., (Daley-v-Murphy) Docket No.99-0896; and (Daley-v-Murphy) Docket No.99.0807.

\*\*\*\*\*\*\* Retaliation. By the (DOC) because of security level of the petitioner, upon review would have shown that (I/He) had A, Point Base Level of (4) Four upon my return to higher security, (June 1, 2000). Said point base score is not the kind of score that A convict, gets sent to higher security, after an altercatio-n with another inmate, specially when petitioner was not the agg-ressor in the altercation. "[R]etaliation" of the 41 D-Reports, were the results of [A] clearly established constitutional right of petitioner, U.S.C.A. Const.Amend.1., 42 U.S.C. § 2000 bb-2(1)-(RFRA) Applies To All Federal And State law, Stautory Or Otherwis-e, Wheather Adopted before or After its Enactment. 42 U.S.C. § - 2000 bb-3(a) (RFRA) has No Termination Date Or Termination Mechanism. See Backus, [A] Declaration of Rights, of the inhabi-tants of the state of Massachusetts-Bey, In isaac Backus on church, state, and calvinism 487(W.McLoughlin ed. 1968), "Every person has an unavailable right to act in all Religion Affairs according to the full persuation of (Her/His) own mind where othe-rs are not Injured Thereby". [I]nadequate Diet as stated on the Parole Board hearing notice Dated:11/13/02 through 11/3/04, Inwhi-ch proves, Cruel And Unusual Punishment, U.S.C.A. Const.Amend. -8, 14th., 42 U.S.C. § 2000 bb-2(1), By the (DOC) Officials who Materialised the D-Reports, Disciplinary Sanctions, and The Massachusetts Parole Board Respondents(et.al.). [A] Avowed Rastafarian cannot eat regular food from the regular serving line because of the stricked vegetarian diet of petitioner, [A] -- Non Dairy, No Animal Bi Products, Required by (my/his)

Dietary laws, Creeds, Vows, Tenants Of Rastafarianism. [P]ursuant to the, 41-D-Reports, A prior decision of December 31, 2002 Denying parole listed the reasons for denial as, "Higher Security, Poor Adjustment. Petitoner motions for [A] "Discovery" of the Disciplinary Reports In Accordance with,Fed.R. -Civ.Proc.Rules.34, 37(a) 28 U.S.C.A.; Fed.R.Crim.Proc.Rule.16. Thee reprts will 'show" issues arround "food"problems with, inadequate food, while on sanctions. Disciplinary sanctions is cognizable as [A], "Bivens Claim Violation" pursuant to, The United States Constitution Of America, U.S.C.A. Const.Amend.1,8-,14th; 42 U.S.C.A § 2000 bb-2(1) (RFRA). And pursuant to, 18 U.S.C. §§ 241, 242("Oppress,Intimidate,Injure"), -- (Under Color of law) Civil Right Act.[T]he Statutory Law of, 18 U.S.C. § 241; 18 U.S.C.A. § 241, "Conspiracy" Circumstantial Evidence (41-D-Reports) and Reasonable Infferences Drawn Therefrom concerning the relationship of the parties, their "Overt Acts" and Totality of their conduct (correctional officers and disciplinary officers) may serve as proff (conspiracy to injure, oppres-s, threaten, or intimidate any citizen in the free excercise and enjoyment of any right or privilege secured to (her/him) by the constitution or laws of the United States.******* The Disciplinar-y Sanctions consist of Loss Of Canteen. Which creats starvation (corporal punishment) an inadequate diet, with an avowed rastafarian with A strick non dairy, no animal bi-product, vegetarian diet violation of, U.S.C.A. Const.Amend.1,8,14th; 42 U.S.C.A. § 2000 § 2000 bb-2(1)(RFRA); ---

[ 8 ]

18 U.S.C.S. APPX § 1B1.1."Commentary" (b)(h)(Maltreatment And Malnurished), U.S.S.G. § 2n2.1.(Malnutrition, Stomach Ulcers"), 18 U.S.C.S. APPX.CH.5, Part. A.

[I]n order to establish "Jurisdiction" an action chaldenging parole procedures "must" be brought against the, "Warden" of the prison in which the petitioner is confined.These actions provide, the Affirmative Misconduct Or Action, By The"Warden" and Official -s(et.al.). [T]he (warden/commisioner) "must" know Petitioner's History Of, "Civil Litigation Arising Out Of His Criminal Convict -ion While Incarcerated. Pursuant to, (5 U.S.C.A.) "Administration". Because of the enclosed, petitioner shall be entitled to [A] Habeas Petiton Review pursuant to, 28 U.S.C. § 2241(a)(c)(3)(d); 28 U.S.C.A. § 2241(a)(c)(3)(d).[B]ecause of the United States Supreme Court Decission In, Preiser-v-Rodriguez, 411 U.S. 475, - 489-90(1973) and Heck-v-Humphrey, 512 U.S. 477, 486-487(1994) The, U.S. District Court of Massachusetts have chosen to "Enhance " The Separation of [A] Civil Rights Action and [A] Habeas Corpus Review that Is In Accord with the same (issue/matter). [P]etitoner,John T. George;John R. Daley,Jr.-W59561 reason for not timely filing petiton, In Regards to the denial of parole is Misplaced by the Memoramdum And Order  Civil Action No.04-12502-WGY; Dated 12/3/04."Facts"  On Pages(1)(2).The "original mailing and date" to the U.S. District Court of Massachusetts,In regards to the denial of parole, 12/31/02.******* [T]he original Habeas Corpus was January 15, 2003. Senior Judge,Robert E.Keeton,"Styled "

Petitioners Habeas Corpus Review and Civil Rights Action "Combine d" pursuant to, Fed.R.Civ.Proc.Rule.8(a) "General Rules Of Pleading" PRO SE Held At Less Stringent. "Charactarization" of "Overt Acts " by the Administration of The Masschusetts (DOC) Officials and the Massachusetts Parole Board Administration was the cause of Action pursuant to, Fed.R.Civ.Proc.Rule.8(a) "General Rules of Pleading" also the minimum access to the law library while housed on the maximum end of the prison is another reason for such pleading, "Short and Plain".

\*\*\*\*\*\*\* [T]he Fifth Grounds for the,state prisoner motion for [A] Habeas Petition pursuant to, 28 U.S.C. § 2241; --
28 U.S.C.A. § 2241 is because of the,(commonwealths/state), "state courts" cumbersome and time consuming, but uncertain in, outcomes and constant violation of, petitioners "Due Process" pursuant to, U.S.C.A. Const.Amend.14. (14 §§ 1,5)"Garunteed Due Process", which state courts could not interpret United States Constitution to provide [A] Greater Protection than the United States District Courts Own Federal Constitutional Precedents Provided pursuant to,28 U.S.C. § 1331("Federal Question");
28 U.S.C.A. § 1331.

\*\*\*\*\*\*\* [T]he [S]tatutory [A]uthorization of, --
28 U.S.C. §§ 1331,2283,2284; 42 U.S.C. §§ 1983, 2000 bb-2(1)(RFRA );
18 U.S.C. §§ 241,242(Oppression,Intimidation,Injure); --
U.S.C.A. Const.Amend.14.(14 §§ 1,5); Article.I. and Article V.;
Titles:28,42,18.,U.S.C.A."Congressional Enactment", ---

-- [T]he Anti-Injunction which State Ligislature Holds, Is Completely Overriden pursuant to,"Federal Statutory Authorization" and "Congressional Enactment", [F]ederal [C]ourts Is Permitted With Power, "Exceptions".

[T]herefore, petitoner prey that the, U.S. District Court, Honorable Judge,Chief Judge William G. Young, For The District of Massachusetts "Grant" the following relief petitioners is entitle d or any other,"Garunteed Due Process" (14 §§ 1,5) Relief To Which pettioner shall be entitled.

[P]etitioner,John T. George;John R. Daley,Jr.-W59561, An American Citizen By Birth, of The United States Virgin Islands - (St.Thomas), Descendant From The British Virgin Islands, But Was Adopted Legally By [A] Family of another Island descent under, Federal Law Of The United States Of America inwhich, --
John T. George;John R.Daley,Jr.(George-Daley) Is petitoners full name by Federal Law.See Page(1) of The,Memorandum And Order, Civil Action No.04-12502-WGY. Dated: December 3, 2004.
******* In regards to the,Honorable Chief Judge,William G.Young, for the, U.S. District Court, of Massachusetts,Memerandum And Order, Page(2) Second Paragraph pertaining to,Civil Rights Action No.02-11896-REK, plaintiff claimed that A correctional officer retaliated against him for filing civil rights actions,although no details were provide.

[E]nclosed is the original, Civil Action No.02-11896-REK, providing the requested details of retaliation.Total number of exhibits:[ 12 pages ].[T]he General Docket,"Proves The Suspension " the Mandamus because of filing fees due.[I]t was reopened by, Senior Judge,Robert E. Keeton. Memorandum And Order, Dated May 5, 2004 pursuant to,Fed.R.Civ.Proc.Rule.60(b).

[T]he [C]larification of Civil Action No.02-11896-REK, was requested by (plaintiff/petitioner) total number of pages(3).As stated before in the enclosed,"Amendment" there was another Civil Action Dated, 1/15/03.Please Review the content there-in, for the record. Please resolve the "misplaced" clasification of (petitioners/plaintiff) civil rights actions, because(petitioner/ plaintiff) was never clarified on the motion for clarification of Civil Action No.02-11896-REK, enclosed exhibits provides the foundation for Civil Action No.02-11896-REK.,"For The Record To Reflect" .

*******[I]n addressing the Memorandum And Order(WGY) Dated:12/3/0 4 Page(2) petitioner "Coram [Sic] Nobis", That Brief Is Not Entirely Lucid. The,"Original" , "Coram Nobis" was "Suspended" It was Dated:7/11/02  and , "Stamped Filed", In Courts Clerk Office, U.S. Court Of Appeals, for The First Circuit 11/12/02.[P]etitione r, "Refiled"  [A] Habeas Corpus In The United States District Court, For The District of Massachusetts, along with A Supplimental Brief Dated:10/25/04, Total pages(73).

Petitioner <u>Still</u> <u>Awaits</u> the <u>Docket</u> <u>Number</u>. [T]he Filing Fee of, $5.00. Inmate Disbursment Receipt #375844, The External Contact To The,U.S. District Court,For the District of Massachusetts was, 2004-12-02(12/2/04).

[T]he "<u>Amendment</u>" to the Massachusetts Parole Board In the, Civil Rights Action (Has/Have Been) mailed to the United States District Court,for The District of Massachusetts in regards to the "<u>Monetary</u> <u>Damages</u>" (petitoner/plaintiff) is entitled too.

   I,John T. George;John R. Daley,Jr.-W59561 Declare (Or Certify Verify,Or State) Under penalty of perjury that the foregoing is True and Correct And that this petition for Writ of Habeas Corpus which addressing wheather this action should be converted into [A] habeas petition pursuant to, 28 U.S.C. § 2241, was placed in the prison mailing system On Thee, <u>12th</u> Month, <u>22nd</u> Day,<u>2004th</u> - Year.

   Excecuted (signed) On  12/22/04  Date.

                                                                       Respectfully Submitted,

                                                                       */s/ John T. George; John R. Daley, Jr.*

                                                              John T. George;John R. Daley ,Jr.

cc/File                                                           -W59561
J.T.G.-J.R.D,Jr.

                                                             PRO SE

                                                             MCI Cedar Junction Walpole

                                                             P.O.Box 100

                                                             South, Walpole MA.02071

CERTIFICATE OF SERVICE

I, John T. George;John R. Daley,Jr.-W59561 Hereby Certify that this day A true copy of the entitled within,The Amendment of (Habeas Petition/State Parole Board Decission) -- Civil Action No.04-12502-WGY; Fed.R.Civ.Proc.Rule.15., 28 U.S.C.A (was/were) served to the, United States District Court, For The District of Massachusetts, Courts Clerk Tony Anatas And Honorable Chief Judge, WiLliam G. Young. On This 12th Month, 22nd Day, 2004th Year. [T]he PRO SE petitioner record and file, for each party by mail/by hand/by regular mail.

Respectfully Submitted,

*John T. George; John R. Daley,Jr.*

cc/File
Dated: 12/22/04
J.T.G; J.R.D,Jr.

John T. George;John R. Daley ,Jr.
    -W59561

PRO SE

MCI Cedar Junction Walpole

P.O.Box 100

South, Walpole MA. 02071

[ 14 ]